THOMAS SMITH Esq., one of the Judges of this court, died on *Friday* the 31st of *March* 1809.

APPOINTMENT: Between *December* and *March* terms, WALTER FRANKLIN Esq. to be Attorney General.

Delaware Insurance Company *against* GILPIN.

*Tuesday, March 21st.*

THIS was an action of *debt* upon a bond, brought and defended by attorney in the common pleas, and then removed by *hab. cor.* to this court, where it was *discontinued;* the defendant agreeing to pay costs. The question submitted to the court was, what costs were due to the plaintiff's attorney.

*In an action of debt discontinued. after the first court upon the defendant's agreement to pay costs, the plaintiff's attorney is entitled to the fee due in actions ended after the first court, and before judgment, notwithstanding the 5th sec. of the act of 21 March 1806.*

*Condy* read the 5th sec. of the act of 21st *March* 1806. 7 *St. Laws*, 562., which directs that " the plaintiff's attorney " shall not be entitled to a *judgment fee* in *any action of debt;*" and also the act of 20th *April* 1795, for establishing an explicit fee bill, 3 *St. Laws* 775. *sec.* 1., which allows to attorneys in the common pleas for issuing *præcipe* &c. in suits ended the first court 1 doll. 67 cts., if after the first court, the further sum of 1 doll. 66 cts., and for every suit prosecuted to judgment, discontinuance &c. four dollars; in this court, double. He contended that the act of *March* 1806 did not extend to an action of debt conducted like this by attorneys, but to such only as was prosecuted or defended by the party himself; and that of course the plaintiff's attorney was entitled to full costs, as though that act had not been passed; or at all events that the *judgment fee* taken away, was merely the sum of five shillings, which added to the two sums of 12*s.* 6*d.* before given, made the four dollars; and that those two sums were still left to the attorney.

*Qu. Whether that section takes away the judgment fee in an action of debt prosecuted and defended by attorney.*

1809.

DELA-
WARE
INS. Co.
*v.*
GILPIN.

PER CURIAM. It is not necessary to decide whether the provision of the act of 21st *March* 1806 extends to such an action of debt as this; but as no judgment has been entered in this case, it is not within that clause of the act which has been read. The plaintiff's attorney is entitled to the fee due in actions ended after the first court and before judgment.